IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ARTURO CRUZ | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 7:22-CV-00090 |
| | § | |
| T-MOBILE USA, INC | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S MOTION FOR NO EVIDENCE SUMMARY JUDGMENT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff, Arturo Cruz, Non-Movant herein, and requests this Honorable Court to DENY Defendant's Motion for No Evidence Summary Judgment.

SUMMARY JUDGMENT STANDARD

1. When a party files for a no-evidence summary judgment, the Movant must allege that the Non-Movant has no evidence to support at least one element of Non-Movant's claim or defense.

2. The burden is on the Non-Movant to produce summary judgment evidence raising a genuine issue of material fact as to the challenged element. The Court must view the evidence so produced in a light most favorable to the Non-Movant, indulging every reasonable inference and resolving any doubts in Non-Movant's favor.

3. FRCP 56 governs summary judgment motions and provides that summary judgment should only be granted if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" (FRCP 56(a)).

4. In Reeves v. Sanderson Plumbing Prods., Inc., the Supreme Court held that when evaluating summary judgment motions, the court should review the record as a whole but it

"must disregard all evidence favorable to the moving party that the jury is not required to believe." The court cautioned that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." (530 U.S. 133, 150-51 (2000).)

5. Under the standard of proof applicable to race discrimination claims in summary judgment cases in the Fifth Circuit, a plaintiff must still demonstrate the four-elements of a prima facie case of race discrimination. A plaintiff must show (1) he or she is a member of a protected class; (2) he or she was qualified for the position; (3) an adverse employment action occurred; and (4) the employer gave preferential treatment to a similarly situated employee who is not in the protected class under nearly identical circumstances. *See Okoye v. Univ. of Texas Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).

6. It is important to note that only a minimal showing is necessary to meet this burden of establishing prima facie case. Bauer v. Albermarle Corp. 169 F.3d 962 (5th Cir. 1999).

7. Then, the employer must articulate a legitimate, non-discriminatory reason for its decision. If the defendant meets this burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either:

   a. That the employer's reason is not true, but is instead a pretext for discrimination (the pretext alternative); or

   b. That the employer's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's race (the mixed motive alternative).

8. Movant asserts there is no evidence to support at least one of the essential elements of Non-Movant's claim of Discrimination based on color and national origin.

Specifically, Movant claims there is no evidence supporting the element that similarly situated employees outside his protected group were treated more favorably than him. Appended hereto is proof that a Plaintiff was treated less favorably than other similarly situated employees outside his protected group.

      9.      Attached hereto and incorporated herein by reference, is the transcript of Plaintiffs deposition, an affidavit, and Non-Movant's pleadings, setting forth summary judgment proof of the existence of a material fact concerning similarly situated employees being treated more favorably.

## ARGUMENTS

      10.      Plaintiff, Cruz, met his prima facie burden of providing evidence that he was treated less favorably than other similarly situated employees.  Plaintiff Cruz gives multiple examples in his deposition and affidavit on how he was treated differently than other similarly situated employees.  Even the reason why he was being investigated for misconduct in the first place dealt with a white female potentially complaining about Cruz.

      11.      Plaintiff has offered sufficient evidence to establish a genuine issue of fact that the employers reasons for terminating him are pretextual. In his deposition he clearly states the discliplinary action that was taken on him was not in line with the way T-Mobile has dealt with anyone, especially people of white color.  Deposition Transcript p. 13.  Whenever there is an accusation brought forth, they bring it tow the persons attention and the proper course of action is taken.  According to Cruz, T-Mobile almost always allowed the employee to be reprimanded and trained, but never summarily terminated.  Cruz also mentions how an HR representative, Isabel Torres, was very surprised about their decision to immediately terminate him.  Lastly in a conversation with Mark Nolan post termination, Mark Nolan confessed to Cruz that he did not

believe that what went down warranted separation, and he would investigate the matter further. Yet no further investigation was done.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Non-Movant prays that this Court will deny Defendant's Motion for No Evidence Summary Judgment, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

By: _____
Daniel E. Vargas
Texas Bar No. 24072403
Email: thevargaslawoffice@gmail.com
324 W. University Drive
Edinburg, TX 78539
Tel. (956) 287-3743
Fax. (956) 365-9771
Attorney for Plaintiff
Arturo Cruz

## CERTIFICATE OF SERVICE

I certify that on December 9, 2022 a true and correct copy of Plaintiff's Response to Motion for No Evidence Summary Judgment was served on Micah R. Prude electronically through the electronic filing manager.

_____
Daniel E. Vargas